921 F.2d 276
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John MULLEN, Doreen Mullen, Plaintiffs-Appellants,
v.
PERRY MANUFACTURING COMPANY, Defendant-Appellee,
Bassick, Division of Stewart Warner Corporation, Defendant.
 No. 89-2206.
 United States Court of Appeals, Sixth Circuit.
 Dec. 26, 1990.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The Mullens appeal the trial court's admission of an exhibit which was not listed in the final joint pretrial order. We hold the court did not abuse its discretion by admitting the exhibit.
 
 
 2
 John Mullen was injured when he fell off of a ladder he had placed on top of a scaffold which was manufactured by the defendant, Perry Manufacturing. The scaffold was equipped with four "side-break" locking casters; the scaffold and casters were manufactured in the early to mid-1970's, and the scaffold was purchased by Mullen's employer sometime between 1976 and 1978.
 
 
 3
 Mullen was told by his employer to investigate and fix a leak in a building roof. To do so, Mullen placed the mobile scaffold next to the building wall and then placed the wooden straight ladder on the scaffold platform. He turned the wheels on the scaffold parallel to the building wall and locked the brakes on those wheels by tapping each brake's lever with the hammer. After nearly climbing to the top of the ladder holding a rope attached to a tar bucket in one hand, Mullen felt the ladder move and noticed it begin sliding down the wall. Mullen remembers no more about the accident. No one else saw this accident. The Mullens brought this lawsuit asserting negligent design and failure to warn.
 
 
 4
 The final joint pretrial order was filed on April 5, 1989. This order required the defendants to list all of the exhibits they were going to offer at trial. Exhibit 6, a 1974 Perry instruction and warning sheet that had been revised in 1975 and 1976, was not listed in this order.
 
 
 5
 Perry retained D. Richard Armstrong of Wolfe Technical Services, Inc. to provide independent expertise in preparing for trial and on May 16, 1989, the Mullens' counsel took his deposition. At this deposition, Armstrong produced, among other documents, the document which was to become exhibit 6. Armstrong thought the instruction sheet was of 1983 vintage and represented it as such to the Mullens' counsel.
 
 
 6
 Perry asserts that the week before trial, as part of final trial preparation, Perry's president identified the instruction sheet produced by Armstrong as a 1974 Perry instruction sheet that had been revised in 1975 and 1976, placing it within the time frame during which the scaffold was manufactured and sold. This increased the relevancy of the document and caused Perry to seek its introduction at trial. On the first day of the trial, August 29, 1989, the Mullens' counsel objected to Perry's introduction of the instruction sheet claiming unfair surprise, because he had assumed the vintage of the document to be 1983. The district court ruled that it would allow admission of the document if the Mullens' counsel would be allowed to take another deposition of Perry's president prior to his testimony. Perry assented to this condition. The counsel instead elected to voir dire the president. On September 8, 1989, the exhibit was admitted into evidence. The Mullens now appeal this admission.
 
 
 7
 Perry's counsel should have notified the court and the Mullens' counsel as soon as the proper vintage of exhibit 6 was determined. Their failure to do so is inexcusable; nonetheless, the surprise it might have caused does not merit a new trial. Trial courts are given wide discretion on evidentiary matters; only if they abuse this discretion will their decisions be overturned. See K.M.C. Co., Inc. v. Irving Trust Co., 757 F.2d 752, 766 (6th Cir.1985). "The exclusion of evidence is a drastic sanction." Id. at 765. Mullen asks us to grant a new trial because this sanction was not enforced. However, when the Mullens' counsel first learned of exhibit 6's true date, he could have solved any problems the document caused him by seeking a continuance. Id. at 766. With a continuance, the Mullens' counsel could have altered his trial strategy to account for any increased significance of the exhibit. The Mullens' counsel asserts he needed more time to prepare for the new exhibit, but it was imperative upon him to act when he learned of the inauspicious date. He did not seek additional time at that moment which he now asserts is when he needed it. His failure to act is conspicuous. Moreover, he had the benefit of the voir dire examination of Perry's president. With information gained for preparing a response to or rebuttal of the exhibit, this examination necessarily helped to cure the alleged surprise. Id. at 766. Together, these factors lead this Court to conclude that the district court did not abuse its discretion by admitting exhibit 6.